UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY JOEL JESSIE-BEY aka Orza Salone, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 1:23-cv-00505-JPH-MJD ) |
| IN THE ESTATE OF ROY ALAN BAUBAKER, MENGES, BYAL, KREBES, FLEMINGS, ANDREWS, METCALF, COUNTY OF HOWARD, STATE OF INDIANA, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER SCREENING AND DISMISSING COMPLAINT AND
GRANTING LEAVE TO FILE AMENDED COMPLAINT**

Gregory Jessie-Bey alleges that his 1994 arrest in Howard County, Indiana, was tainted by a corrupt judge, a deficient public defender, and the State's failure to properly oversee the judicial proceedings in his case. He asserts that Defendants violated numerous constitutional rights and federal and state laws. He seeks declaratory judgment, money damages, and injunctive relief in the form of this Court ordering certain practices and procedures to be followed in state court. For the following reasons the complaint is **DISMISSED**, and Mr. Jessie-Bey shall have **through May 23, 2023**, in which to file an amended complaint.

**A. Screening standard**

1

Because Mr. Jessie-Bey is a prisoner as defined by 28 U.S.C. § 1915A(c), the Court must screen his complaint under 28 U.S.C. § 1915A(b). Under that statute, the Court must dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

**B. The complaint**

Mr. Jessie-Bey was charged with dealing and possessing cocaine in October 1993. *See State of Indiana v. Orza*, No. 34C01-9310-CF-000059 (Chronological Case Summary).[1] Those charges were eventually dismissed in February 1995. *Id.* In this case, he alleges that the Judge assigned to that

---

[1] Plaintiff was charged under the name "Orza Salone" but has since changed his name. *See e.g., Jessie-Bey v. Butts*, No. 1:17-cv-04578-SEB-MJD, Docket no. 46 (S.D. Ind. 27, Mar. 2018) (Order Denying Writ of Habeas Corpus).

2

criminal case, R. Alan Brubaker, was corrupt (Claim 1); that he approved a search of Mr. Jessie-Bey's home without a warrant or probable cause (Claims 2 and 3); that he failed to give Mr. Jessie-Bey his *Miranda* warning or appoint him counsel (Claim 4); and that he appointed a county prosecutor to serve as Mr. Jessie-Bey's public defender, which was a conflict of interest (Claim 5) and was done to deflect suspicion away from Judge Brubaker (Claim 7). He alleges that the State of Indiana allowed Judge Brubaker to "operate a criminal enterprise" at the Howard County courthouse and was "improperly motivated" in dismissing his case due to the "outrageous conduct of Defendant Brubaker" (Claims 6 and 9). Finally, he alleges that Howard County was "deliberately indifferent" by allowing Judge Brubaker to serve as a judge without taking the oath of office (Claim 8).

### C. Discussion of claims

The Complaint has several defeciencies. First, while Mr. Jessie-Bey lists the Indiana code of judicial conduct, federal statutes and regulations, Indiana statutes and trial rules, and the United States Constitution as the "basis for claims", dkt. 1 at 5–6, he does not tie any specific claim to any specific law. Instead, at the end of each claim he writes ". . . in violation of the previous statutes, provisions, rules, and constitution." *See id.* at 2–3 (Claims 1–9). But that pleading method does not comply with Federal Rule of Civil Procedure 8's requirements that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2)

3

and (d)(1).  As it stands the Court would be required to sift through the numerous statutes, rules, and provisions to determine whether each specific claim falls within the scope of that law and whether that law provides any basis for relief.  While the Court construes Mr. Jessie-Bey's complaint liberally, its current format puts too much burden on the Court.  *See Stanard v. Nygren*, 658 F.3d 782, 800 (7th Cir. 2011) ("a federal court is not obligated to sift through a complaint to extract some merit when the attorney who drafted it has failed to do so himself.").

Second, even without conducting a thorough investigation of each potential statutory basis for Mr. Jessie-Bey's complaint, it's clear that many of the statutes and rules cited do not provide any avenue for relief.  For example, the there is no private cause of action under the Indiana Code of Judicial Conduct.  *Mathews v. State*, 64 N.E.3d 1250, 1255 (Ind. Ct. App. 2016) (holding that the Code "do[es] not create freestanding rights of enforcement in private parties.").  So any claims related to the Code **must be dismissed** for failure to state a claim.  Nor could Mr. Jessie-Bey bring a claim under the federal rules governing federal judges, *e.g.* 28 U.S.C. §§ 453 and 455, against a state court judge.  Therefore, Mr. Jessie-Bey shall carefully consider what claims he believes he can pursue and be sure that there is a statutory basis for them.  *See Stanard*, 658 F.3d at 800 (finding that district court properly dismissed complaint that included "several questionable claims" after plaintiff failed to cure conclusory and frivolous allegations).  He should also "be mindful of his obligation . . . to ensure that any claims asserted are warranted by

existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *Id.*

Finally, under the screening standard, claims should be dismissed at screening when it is clear on the face of the complaint that they are barred by statutes of limitations. *See Dickens v. Illinois*, 753 F. App'x 390, 392 (7th Cir. 2018) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *cf. Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (noting that, while it's "irregular" to dismiss a claim as untimely under Rule 12(b)(6), it "may be appropriate when the plaintiff effectively pleads [him]self out of court by alleging facts that are sufficient to establish the defense"). That appears to be the case for Mr. Jessie-Bey's constitutional claims at the very least.

The statute of limitations on a constitutional claim brought against a state official under 42 U.S.C. § 1983 is ordinarily subject to a two-year statute of limitations. *See Neita v. City of Chi.*, 830 F.3d 494, 498 (7th Cir. 2016). Here, the events Mr. Jessie-Bey complains about occurred nearly 30 years ago and he makes no allegation that he has interacted with any of the Defendants since his charges were dismissed in 1995. Thus, to the extent Mr. Jessie-Bey could state a claim under any of the numerous constitutional provisions cited, those claims expired by 1997.

Mr. Jessie-Bey acknowledges this potential issue but insists that he should be allowed to pursue these claims now under the doctrine of equitable estoppel due to fraudulent concealment by Defendants. Dkt. 1–2. With respect to federal claims, "equitable estoppel, [] comes into play if the defendant

5

takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450–51 (7th Cir. 1990).

Mr. Jessie-Bey alleges that his claims should be allowed to proceed under these equitable rules because he recently found "newly discovered evidence after approximately 30 years of due diligence." *See e.g.,* dkt. 1 at 7. The evidence he cites is mainly Kokomo Tribune articles from the mid-nineties that discuss Judge Brubaker being charged with and convicted of drug-related and other charges. *See e.g.,* dkt. 1 at 12, 14, 16, 18, 20. He also points to some records requests that were apparently sent and denied in 2013. *Id.* at 17. Mr. Jessie-Bey provides no explanation for why any of this information could not be located until now. More importantly, he does not allege that the Defendants played a role in concealing any of this information from him. Thus, Mr. Jessie-Bey's constitutional claims brought under § 1983 **must be dismissed** on statute of limitations grounds.

### D. Conclusion and further proceedings

For all of these reasons, the complaint as drafted **must be dismissed**. Mr. Jessie-Bey's claims under the various state federal statutes and regulations listed on pages 2, 5, and 6 of the complaint are **dismissed without prejudice** for failure to comply with Rule 8. His claims under the Indiana Code of Judicial Conduct are **dismissed with prejudice** for failure to state a claim. His constitutional claims are **dismissed with prejudice** under the statute of limitations.

The dismissal of the complaint will not lead to the dismissal of the action at present. Instead, Mr. Jessie-Bey shall have **through May 25, 2023, in which to file an amended complaint**. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

An amended complaint should in essence tell the Court who did what when. The amended complaint will completely replace the complaint filed at docket 1 and must conform to the following guidelines:

- (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ;"

- (b) the amended complaint must include a demand for the relief sought;

- (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury; and

- (d) the amended complaint must include the case number referenced in the caption of this Order, 1:23-cv-00505-JPH-MJD and have the words "Amended Complaint" on the first page.

Mr. Jessie-Bey should "be mindful of his obligation ... to ensure that any claims asserted are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *Stanard*, 658 F.3d at 800.

If an amended complaint is filed as directed, it will also be screened pursuant to § 1915A. If no amended complaint is filed, this action will be

7

dismissed for the reasons set forth above and final judgment entered without further notice.

**SO ORDERED.**

Date: 4/28/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

GREGORY JOEL JESSIE-BEY
944875
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362