UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GREGORY JOEL JESSIE-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00505-JPH-MJD |
| | ) | |
| IN THE ESTATE OF ROY ALAN BRUBAKER, MENGES, BYAL, KREBES, FLEMINGS, ANDREWS, METCALF, COUNTY OF HOWARD, STATE OF INDIANA, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

The Court dismissed Gregory Jessie-Bey's constitutional claims related to his state court criminal case from the 1990s because the claims were barred by 42 U.S.C. § 1983's statute of limitations. Mr. Jessie-Bey moves for the Court to reconsider its dismissal of those claims based on newly discovered evidence and equitable tolling. Dkt. [24]. Because Mr. Jessie-Bey does not offer newly discovered evidence and because equitable tolling does not apply, that motion is **DENIED**.

**I.
Facts and Background**

The Court screened and dismissed Mr. Jessie-Bey's original complaint because these alleged violations were barred by § 1983's two-year statute of

1

limitations. Dkt. 7 at 5–6. Mr. Jessie-Bey filed an amended complaint, which contained factual allegations that were similar to his original complaint.

Mr. Jessie-Bey's amended complaint relates to the charges he faced for dealing and possessing cocaine in October 1993. *See Indiana v. Orza*, No. 34C01-9310-CF-000059 (Chronological Case Summary).[1] Those charges were eventually dismissed in February 1995. *Id. See also* Dkt. 14-1 at 37 (Ex. LI – Motion to Dismiss Charges from February 1995). In this case, he alleges nine claims related to Judge R. Alan Brubaker's corruption and the Judge's handling of his case. The Court dismissed this amended complaint for the same reasons as the original complaint, and further explained that Mr. Jessie-Bey could not "override" the statute of limitations because he was aware of the circumstances surrounding his state claim for quite some time. Dkt 16 at 3.[2]

Now, Mr. Jessie-Bey has filed a motion to reconsider the final judgment in this case based on equitable tolling and newly discovered evidence. Dkt. 24.

## II.
## Applicable Law

Mr. Jessie-Bey does not identify which Federal Rule of Civil Procedure he brings this motion for reconsideration. However, the Court categorizes the

---

[1] Plaintiff was charged under the name "Orza Salone" but has since changed his name. *See e.g., Jessie-Bey v. Butts*, No. 1:17-cv-04578-SEB-MJD, Docket no. 46 (S.D. Ind. 27, Mar. 2018) (Order Denying Writ of Habeas Corpus).

[2] Mr. Jessie-Bey filed a petition for a writ of habeas corpus raising the same issues he raises in this case, including the "criminal enterprise" of Judge Brubaker, the warrantless search of his home, and his public defender's conflict of interest in 2017. See 1:17-cv-4578-SEB-MJD, docket no. 1 (Dec. 12, 2017). In that petition, Mr. Jessie-Bey also lists eleven prior lawsuits—dating back to 1995—in which he had challenged his arrest and prosecution. *See id.* at 2–5.

motion as brought pursuant to Rule 59(e) because he has made arguments for reconsideration on the basis of "newly discovered evidence" and equitable tolling. *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir.2008) ("[I]t is the substance, rather than the form, of a post-judgment motion that determines the rule under which it should be analyzed."). The motion is timely since Mr. Jessie-Bey filed it within 28 days of judgment. *See* Fed. R. Civ. 59(e).

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht*, 517 F.3d at 493. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments," or for introducing evidence or arguments "that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Newly discovered evidence must have been (1) unknown to the party until after the decision and (2) unable to be discovered with reasonable diligence prior to the decision. *Id.* at 1269–70.

### III.
### Analysis

Mr. Jessie-Bey has not cited any new evidence or law justifying reconsideration.

*A. No new evidence*

While Mr. Jessie-Bey makes this motion for reconsideration on the basis of "newly discovered evidence," his motion does not identify any new evidence warranting reconsideration. Mr. Jessie-Bey's motion identifies the following

3

exhibits: CCS, M, CCS60, D, C, G1, G2, K, P, 11, and ZK.[3]  Exhibits M, D, C, G1, G2, K, P, and ZK were attached to the amended complaint, so they do not constitute new evidence.  *Caisse*, 90 F.3d at 1269 ("[Motions for reconsideration] cannot. . . be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of [earlier dispositive] motion."); Dkt. 14-1.  Exhibits CCS and CCS60, while referenced, are not attached to this motion nor are they attached to the Amended Complaint, so the Court does not consider them.  Exhibit 11 is a letter from the Indiana State Police's Legal Counsel, stating that a search of Indiana's records shows that there was an investigation of a person named R. Alan Brubaker between October 13, 1993 and July 13, 1994.  However, this this 15-year-old letter is a far cry from newly discovered evidence—thus, it cannot support a motion to reconsider the Court's previous orders.  *Caisse*, 90 F.3d at 1269.

*B. No manifest error of law*

    Mr. Jessie-Bey's § 1983 claims are subject to a two-year statute of limitations.[4]  *See Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016) ("Claims brought under § 1983 are governed by the statute of limitations for

---

[3] Mr. Jessie-Bey attaches more exhibits to his motion, but those exhibits are not mentioned in his motion, so the Court does not consider them.

[4] Mr. Jessie-Bey's Amended Complaint also cites to two sections Indiana Criminal Procedure, Ind. Code § 35-33-5-2 and Ind. Code § 35-33-5-3.  Dkt. 14 at 4.  Neither of these sections of Indiana Criminal Law provide an avenue of relief for Mr. Jessie-Bey as they do not include private causes of action.

4

personal-injury claims in the state where the plaintiff's injury occurred."); Ind. Code § 34-11-2-4.

Mr. Jessie-Bey argues that this Court's prior determination that his claims are time-barred should be reconsidered due to equitable tolling. He relies on *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990), to argue that a plaintiff has "a reasonable time" after the plaintiff could have with due diligence have obtained the necessary information to file suit. Dkt. 24 at 7. In *Cada*, the Seventh Circuit explained that a plaintiff can equitably "toll" the statute of limitations, even after it has started to run, by demonstrating that "he cannot obtain information necessary to decide whether the injury is due to wrongdoing, and, if so, wrongdoing by the defendant." 920 F.2d at 451. The tolling would continue until a reasonable person in the plaintiff's position would know that the injury is due to "possible" wrongdoing by the defendant. *Id.* at 451. ("The qualification 'possible' is important. If a plaintiff were entitled to have all the time he needed to be certain his rights had been violated, the statute of limitations would never run . . . ").

However, equitable tolling simply does not apply because a reasonable person in Mr. Jessie-Bey's position should have known of the possible wrongdoings by defendants. The facts alleged regarding Judge Brubaker have been public since the 1990s. *See e.g.*, Dkt. 24-1 at 1 (1994 Kokomo Tribune Article). *See also* Dkt. 7 at 6. Mr. Jessie-Bey continues to fail to explain "why any of this information could not be located until now." Dkt. 7 at 6. And here, Mr. Jessie-Bey did, in fact, know of these purported

5

wrongdoings since he filed at least 12 lawsuits between 1995 and 2017 related to these circumstances. Dkt. 16 at 3 (citing 1:17-cv-4578-SEB-MJD, dkt. 1 (Dec. 11, 2017)). Furthermore, Mr. Jessie-Bey does not identify any other "extraordinary circumstance that stood in his way" of filing these claims earlier. *See Credit Suisse Secs. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012). Thus, Mr. Jessie-Bey has not demonstrated that this Court made a manifest error of law in ruling that his claims are time-barred.

## IV.
## Conclusion

Mr. Jessie-Bey's motion for reconsideration is **DENIED**. Dkt. [24].

**SO ORDERED.**

Date: 12/13/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

GREGORY JOEL JESSIE-BEY
944875
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362